# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON L. STEPHANY, | |
| Plaintiff, | CIVIL ACTION NO. 1:15-CV-01890 |
| v. | (RAMBO, J.) |
| MILES, et al., | (MEHALCHICK, M.J.) |
| Defendants | |

## REPORT AND RECOMMENDATION

Plaintiff Jason Stephany, proceeding *pro* se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 30, 2015. (Doc. 1). At all times relevant to this complaint, Plaintiff was incarcerated at Bucks County Prison in Doylestown, Pennsylvania. For the reasons provided herein, it is recommended that Plaintiff's complaint be dismissed without prejudice (Doc. 1).

### I. BACKGROUND

*Pro se* Plaintiff Jason Stephany filed the instant civil rights action on September 30, 2015, seeking damages against Corrections Officer Miles, the Captain of the Bucks County Prison, the Deputy Warden of the Bucks County Prison, and the Warden of the Bucks County Prison for what appears to be an alleged violation of his Eighth Amendment rights. (Doc. 1).

Stephany alleges that in April or May of 2014, he got into an argument with an inmate who threatened to stab him. (Doc. 1-1, at 1). Specifically, Stephany alleges that this unidentified inmate was quarantined and was being watched by inmate Matthew Aimes. (Doc. 1-1, at 1). Shortly after the argument between Stephany and the inmate, the inmate requested that Matthew Aimes ask Corrections Officer Miles to open his cell so he could pass food, or "chi chi," to the cell next to him. Corrections Officer Miles responded: "I shouldn't let you out after

what you said but make it quick." (Doc. 1-1, at 1). Stephany alleges that, despite having overheard the inmate threaten Stephany moments before, Corrections Officer Miles unlocked the cell door, at which time the inmate dropped his bowl of food and revealed a shank made out of a pen. (Doc. 1-1. at 1). The inmate proceeded to stab Stephany in the neck with the shank six times. (Doc. 1-1, at 2). Stephany alleges that Corrections Officer Miles reported the stabbing about thirty minutes later, and Stephany subsequently received medical attention. (Doc. 1-1, at 3). Stephany seeks a "full investigation" into the matter, as well as $25,000.00 in punitive damages for the failure of Corrections Officer Miles to protect Stephany from attack.

In response to the question of whether Stephany fully exhausted his administrative remedies, Stephany concedes that he did not exhaust his administrative remedies because he was "paroled a little after the incident and [he] didn't really understand the grievance procedure." (Doc. 1, at 2).

## II. SECTION 1915A STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**III. DISCUSSION**

The Prison Litigation Reform Act of 1995 mandates early judicial screening of prisoner complaints and requires prisoner-plaintiffs to exhaust prison grievance procedures prior to initiating a § 1983 suit. *See* 42 U.S.C. § 1997(e)(a); *Jones v. Bock,* 549 U.S. 199, 199 (2007). Indeed, 42 U.S.C. § 1997(e) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Third Circuit has held that "it is beyond the power of this court . . . to excuse compliance with the exhaustion requirement." *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir. 2000); *see also Spruill*

*v. Gillis,* 372 F.3d 218, 230 (3d Cir. 2004). While the statute requires prisoner-plaintiffs to exhaust their administrative remedies, the exhaustion requirement is an affirmative defense that must be raised by defendants in a civil rights action. *See Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir. 2002). A plaintiff is not required to allege that he has exhausted his administrative remedies. However, a court has the inherent power to *sua sponte* dismiss an action where failure to exhaust available administrative remedies is abundantly clear from the face of the complaint. *Ray v. Kertes,* 285 F.3d 287, 295 n. 5 (3d Cir. 2002)("As a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint.") (citing *Booth v. Churner,* 206 F.3d 289, 293 n. 2 (3d Cir.2000) ("[Plaintiff] concedes that he did not avail himself of either the intermediate or final review process.").

It is apparent from the face of Stephany's complaint that he has failed to exhaust his administrative remedies prior to filing the instant action. Because exhaustion is mandatory and it is clear from the face of the complaint that Stephany has not exhausted available administrative remedies, it is recommended that the Court dismiss the complaint without prejudice pursuant to 42 U.S.C. § 1997e(a).

### IV. RECOMMENDATIONS

Based on the foregoing, it is recommended that Plaintiff's complaint (Doc. 1) be **dismissed without prejudice** and the Clerk's Office be directed to **close** this case.

BY THE COURT:

Dated: October 15, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JASON L. STEPHANY,

        Plaintiff,

  v.

MILES, et al.,

        Defendants

CIVIL ACTION NO. 1:15-CV-01890

(RAMBO, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 15, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: October 15, 2015**

                                    *s/ Karoline Mehalchick*
                                    **KAROLINE MEHALCHICK**
                                    **United States Magistrate Judge**